The next case this morning is 523-0756, People v. Glazier. Arguing for the appellant is Daniel Mallon. Arguing for the appellee is Justin Nicolosi. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Counsel for the appellant, you may proceed and please state your name for the record. My name is Daniel Mallon, Office of the State Appellate Defender. And thank you very much, Your Honors. I represent the appellant, Mr. James Glazier. So, Your Honors, we're asking this court to remand for a new sentencing hearing. We acknowledge that my client agreed to the 40-year sentence. It was entered upon remand from this court. But a fair reading of the record indicates that the resentencing judge was biased and seemed to have some disdain for juvenile sentencing laws. Could you explain that? Pardon me? Explain that, please. Well, the resentencing judge misinterpreted People v. Jones. The resentencing judge pressured my client into taking the 40-year sentence agreement. And you could sense the trial judge's tone, remarks, sarcasm by reading the record. And he pressured my client into negotiating with the state to take the deal. I mean, the resentencing court told my client that his trial attorney, that under the Illinois Supreme Court's decision in Jones, my client waived his right to challenge his sentence. And it was just not true. Was it the same judge? Yes, it was Judge Campagnolo. And the state now agrees on appeal that this was wrong. They argued below that they were trying to file a motion saying you're not even entitled into a new sentencing year. Whereas that was just now they agree that that was wrong. And it impacted the sentencing negotiations. It's clear from the record, Your Honor. The trial court misinformed my client, the trial court misinformed trial counsel. And my client received a 20-year sentence reduction, for sure. But I don't think, and if you read the record, I don't think it was fair. And I- How old was he at the time of the crime? Pardon me? How old was he at the time of the- My client was 17 years old. So Offer, Miller, they all applied. My client did not plead guilty. It was a stipulated bench trial. It was not tantamount to a guilty plea. And I- Can you comment on, can you comment on Judge Campanella's failure to give the 605 admonishment on appeal at the end? He said he talks about there being no need for that. And even the state's brief kind of implies, even if he was wrong, it should have been given. The rule says shall, but he's already had all the appeal rights he was going to get. So what's the point of giving it again? What's your comment on that? He did appeal. Yes, my client did appeal. And here we are. And I think that it's fair for the state to say that. I think my client could have, the third right, he should be able to, he should have been able to challenge his sentence in a motion to reconsider the sentence and challenge the integrity of the sentencing, resentencing proceedings. And that didn't happen. I think, I think one of the most, like, and I apologize if there's any technical difficulties. I mean, it was remanded, this court remanded it for resentencing pursuant to the law. Buffer, Miller, it's just the law and the juvenile sentencing statutes. And so where a law is passed by the legislature and upheld by our Supreme Court as constitutional, the role of the judge, in this case, Judge Campanella, is to apply the law as it is, not as the judge might wish it to be. And he made, I think, I don't mean to be, he made some, the trial court made some questionable comments that, it showed he didn't respect the, what this court mandated. And so on remand, it is the trial court's obligation to give the case the individualized attention it deserved. And that didn't happen here. And we very much appreciate this court's attention to this case. Can we stop the clock a moment? Looks like someone disappeared from our, my screen. Yeah. Yeah, sorry about that, your honors. I don't know what happened. Yeah, yeah. You may proceed, Joe. So again, we acknowledge there was an agreed upon sentence. But I think a fair reading of the record is that the trial court tainted the resentencing proceedings, which I think everyone can recognize from just reading the record. And if this court has no further questions, I reserve my time for rebuttal. Any questions, Justice Vaughn and Justice Barberos? Questions, thank you. Thank you, counsel. Thank you. I will appeal, please state your name. Good morning, your honors. My name is Justin Nicolosi. I represent the appellate prosecutor's office, the state of Illinois in this matter. May it please the court, Mr. Malin. I apologize earlier for my video going out. That happened a couple of times while I was in the waiting room. Hopefully that doesn't happen again. I apologize for any future issues we have technically. But the state submits that this court should affirm the sentencing decision that was made below. In the half hour or so while I was in the waiting room thinking about this case, I always tend to kind of think about the cases differently than I wrote my brief before the oral argument actually commences. And I argued that Jones didn't apply in this case. And this is kind of aside from my main points. But I was thinking about it before I was brought into the argument. I actually think regarding the sentence, the original sentence in this case, I actually think Jones does apply. Clearly, this was not a guilty plea. And that's obviously clear. Regarding the way the conviction was entered in this case was not a guilty plea. It was clearly a trial. But regarding the sentence, 60 years that the defendant originally received, that was agreed upon. So in hindsight, the fact that the state below was going to file a formal motion regarding Jones and the state's position at the June 23rd, 2023 hearing in this case, the state was arguing that the defendant did not qualify, even though this court remanded it back for resentencing, the state believed that the defendant was not entitled to resentencing. In hindsight, again, as I was thinking about this just a half hour ago, I actually think the state was right that the defendant was not entitled, even though this court remanded it back for resentencing, even though my office, it was not me who handled this case in 2021 or 22, the state confessed error. They conceded that this case should have been remanded for resentencing. Again, not me. I understand. I'm bound by that. But I disagree with all of that. I actually don't think the defendant should have been resentenced because again, he did agree to his 60 years. Again, this is totally aside from the argument I'm going to make here in a minute about this case. But the defendant agreed originally to 60 years. Why would he have been entitled to a new sentencing hearing regardless of changes to the law, Miller, Buffer, and all its progeny? The defendant agreed. And so I'm kind of changing my course of thought regarding Jones and whether or not that actually applied to specifically his sentence originally. But can you talk about on page 10 of your brief, the question I asked opposing counsel on the 605 admonishment and Judge Campanella saying there's no need for me to give you this admonishment because you're already getting all your appeal rights. The rule says shall advise. And in your brief, you kind of concede there's no need to send it back because there's nothing else to be gained. But how do we ignore the rule that says shall be advised? I mean, I understand that. You're right. I think I was open about that in my brief. I acknowledge that the rule does say shall. That defendant was entitled to those rights. It was not for the trial court to decide whether or not there were any issues for the defendant to appeal. That's up to the defense. But practically speaking, I don't think anything can be gained from sending it back. As Your Honor and Mr. Mallon discussed during his argument that the defendant was able to present his front appeal. They were here discussing his sentence. He had counsel. So I think anything that would have been gained by those admonishments below the defendant is not deprived of anything because he was able to raise any issue regarding his sentence at this time. He had counsel to review his case on the record. So there's no practical effect, Your Honor, for the possibility of sending this back for admonishments. If his appeal rights are exhausted, there's nothing that prevents him from filing a post-conviction petition. He's not already done that or the time limit's not up on that? If he has some other issue he can raise? Well, I would think the timing would be up on that. But yeah, he's already exhausted it. He's already appealed any issue regarding his conviction. So I think regarding that, yeah, the time has passed for that particular issue. But yeah, if there's some other, I don't even know what other issue possibly come up, Your Honor, that would necessitate some sort of agent. I mean, if there's nothing else that can be done, if he can't appeal and he cannot file a post-conviction petition, it seems pointless to remand for 605 admonishment. But I'm struggling how we get around requiring a trial just to do what the rule says shall be done. Well, I understand, Your Honor, but I think there's lots of times there's procedural rules that things should happen that the defendants often, they have to file motions to reconsider motions for new trial. Those are the rules say that those things have to happen. But then, invariably, they don't happen. And then they get to appeal. There's a lot of times substantial compliance is enough. But when the trial judge says, I'm not even going to do this because it's not necessary, that I don't know how you argue that substantial compliance. Well, as I can see, I don't think the trial, of course, the trial judge was not correct in that. There were certain things that the trial judge said in this case that are not accurate, that were probably improper. But I think when it comes down to brass tacks, we're talking about whether the defendant was actually impacted negatively by something the trial judge did or did not do. And in this case, I don't see how the defendant was in any way negatively impacted by not getting those admonishments. But that's why this court's going to do what this court's going to do. But I don't believe there's any practical effect of bringing this back forward. Regarding the first part of my argument about Jones, even disregarding whether Jones applies or the defendant had the ability to be resentenced for that initial sentence that's six years, I would argue that the June 2023 hearing, a review of that suggests that the defendant, the trial judge did not signal to the defendant in any way that he needed to agree to another, to a new sentence, or he was going to be, you know, resentenced to 60 years or something worse than that. I think that the trial judge was, again, made some comments that maybe the court shouldn't have made, but was very clear at the outset of that hearing, the court said that it was expressly said it was not going to express his opinion regarding the position that the state presented that Jones, Buffer, Miller, and so forth. The judge did not pressure the defendant to enter this agreement. Basically, at multiple points of that hearing, the judge laid out for the defendant what was at stake, you know, saying that the state was going to file this motion and kind of just informed the defendant what was happening and did not impart any pressure, regardless of the comments that the court made, did not say that the defendant needed to reach an agreement, did not suggest that the defendant was going to get sentenced to more than he already got or the same amount that he already received if he was resentenced. I think that the state just disagrees with the defendant's argument here that the court signaled to the defendant that he needed to agree or he was going to be in a worse position going forward. With that, the state submits that this court should affirm the defendant's agreed-upon 40-year sentence. And if there are any other questions, I'd be happy to answer them at this time. Any other questions from the court? I don't have any questions. Thank you. Thank you, counsel. Rebuttal. You're on mute, counsel. I apologize. You can hear me okay? Judge Campanella told my client he was playing a dice game with 20 years of his life. There was no doubt from reading this record that you could see that the trial judge was impacting his decision. And also, to be clear, my client is still on direct appeal. It's a very long case. And it's a very long case. And he's still on direct appeal. And he is following the proper procedural rules that he needs to. He had filed, yes, he can still file a post-conviction petition. He withdrew it to, it's in the record, and it's let the direct appeal now resolve. And then post-conviction can be filed and deal with that. And he's following the rules. And that's why it's appropriate to have proper admonishments and proper post-sentencing procedures. That didn't happen because the trial, the resentencing judge said you don't get to appeal anymore. And that was just straight up wrong. And my client had the right to appeal his resentencing. And he had the right to a proper resentencing hearing under Buffer and Miller, and that didn't happen. And no, Jones doesn't apply. You can just read the case. And it's pretty clear. So if this court has no further questions. No other questions.  Yeah. Yes, thank you, Your Honor. Okay, the court will take the matter under advisement and issue its decision in due course. And thank you, counsel, for your audience.  Good night.